UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EPICENTRE STRATEGIC CORPORATION -
MICHIGAN, a Michigan corporation,

       Plaintiff/counter-defendant,

       v.

CLEVELAND CONSTRUCTION, INC., an
Ohio corporation,

       Defendant/counter-plaintiff,

and

CLEVELAND CONSTRUCTION INC., an
Ohio corporation,

       Third-party plaintiff,

       v.

RIVERSIDE MASONRY, L.L.C., d/b/a
C&R MASONRY OF MICHIGAN, a
Michigan corporation,

       Third-party defendant.
_____/

CASE NO.  04-CV-40278-DT
JUDGE PAUL V. GADOLA
MAGISTRATE JUDGE PAUL J. KOMIVES


<u>MEMORANDUM OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO
ENFORCE SUBPOENA AND COMPEL PRODUCTION OF DOCUMENTS; AND (2)
GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER</u>

In this contract action, defendant/counter-plaintiff/third-party plaintiff Cleveland Construction (CCI) served subpoenas upon non-parties Banc One, N.A. and Banc One Leasing pursuant to FED. R. CIV. P. 45.  Banc One had a financing arrangement with third-party defendant

1

Riverside Masonry (Riverside), under which it took a security interest in, *inter alia*, Riverside's accounts receivable. When Riverside defaulted on its obligations, Banc One invoked its remedies under Article 9 of the Uniform Commercial Code. Litigation ensued in the Wayne County Circuit Court involving Banc One, Riverside, and plaintiff/counter-defendant Epicentre Strategic Corporation (Epicentre). The parties eventually reached a settlement agreement, resulting in Banc One assigning to Epicentre its interests in Riverside's accounts receivable.[1]

In this case, Epicentre seeks to collect on a debt allegedly owing to Riverside, standing in Riverside's stead by virtue of Banc One's perfected security interest in Riverside's accounts and the subsequent assignment of that interest to Epicentre. CCI served on Banc One subpoenas seeking, *inter alia*, two classes of documents. First, CCI seeks a copy of the settlement agreement entered into by Epicentre, Banc One, and Riverside in the state court litigation. Second, CCI seeks documents relating to Riverside's account with Banc One. Currently before the Court are CCI's motion to enforce the subpoenas and Epicentre's counter-motion for a protective order. Responses have been filed to the motions, and the Court heard argument on the motions.[2] For the reasons that follow, the Court will deny CCI's motion to enforce the subpoena and grant Epicentre's motion for protective order.

Rule 26 provides, in relevant part, that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" FED. R. CIV. P. 26(b)(1). Although the standard of relevance under Rule 26(b)(1) is liberal, it is not toothless, and "discovery,

---

[1] Banc One and Banc One Leasing are now owned by JPMorgan Chase Bank, N.A. For simplicity, I refer to these non-parties collectively as Banc One.

[2] Banc One has filed a short response to the motions indicating that it has no position on the discoverability of the documents sought, and stands ready to either withhold or produce the documents in accordance with this Court's resolution of the matter.

like all other matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal quotation omitted); *see also*, *United States v. One Tract of Real Property*, 95 F.3d 422, 427 (6th Cir. 1996). Here, the information sought by CCI is irrelevant and thus not subject to discovery.

CCI contends that a review of the settlement agreement may lead to the discovery of admissible evidence which it could use to attack the validity of the assignment. However, the assignment is valid on its face, and any underlying defect in the agreement leading to the assignment (such as want of consideration, &c.) would be of no benefit to CCI. Under Michigan law, a debtor lacks standing to challenge the validity of an assignment where the parties to the assignment do not contest its validity. *See Pashak v. Interstate Highway Constr., Inc.*, No. 189886, 1998 WL 2001203, at *1 (Mich. Ct. App. Mar. 20, 1998) (per curiam) (citing *Woods v. Ayres*, 39 Mich. 345, 1878 WL 3464, at *1 (1878)).

Likewise the documents reflecting the account between Riverside and Banc One are not relevant. CCI suggests that the amount owing to Riverside by CCI (which it claims is zero) may be subject to an offset by amounts paid by Riverside to Banc One. However, CCI has provided no legal basis to support such an offset. Pursuant to the assignment, Epicentre stands in the shoes of Banc One, which in turn stands in the shoes of Riverside. If it is determined that CCI owes money to Riverside, Epicentre would be entitled to recover from CCI the full amount owing, as would Riverside if it had not granted a security interest in its accounts. Any overpayments on Riverside's account with Banc One which would result from an award in Epicentre's favor is a matter between Epicentre, Banc One, and Riverside; it does not lessen CCI's obligations (if any) in any respect. Thus, the documents are not relevant to any matter at issue in this case.

Accordingly, it is ORDERED that CCI's motion to enforce the subpoena is hereby DENIED and that Epicentre's cross-motion for protective order is hereby GRANTED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 09/30/05

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 30, 2005.
>
> s/Eddrey Butts
> Case Manager