UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EPICENTRE STRATEGIC CORPORATION -
MICHIGAN,

        Plaintiff/ Counter-Defendant,    CIVIL CASE NO. 04-40278

v.

                                           HONORABLE PAUL V. GADOLA
CLEVELAND CONSTRUCTION, INC.,    U.S. DISTRICT COURT

Defendant/ Counter-Claimant/ 3rd Party Plaintiff,

v.

RIVERSIDE MASONRY, L.L.C., d/b/a C&R
MASONRY OF MICHIGAN,

        Third-Party Defendant.

_____/

**<u>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION</u>**

      Before the Court is the Report and Recommendation of the United States Magistrate Judge Paul J. Komives, issued on March 7, 2007. The Magistrate Judge recommends that the Court deny the parties' cross-motions for summary judgment on Plaintiff Epicentre's claims. The Magistrate Judge also recommends that the Court grant in part and deny in part Epicentre's motion for summary judgment on Defendant CCI's counterclaim and motion to strike affirmative defenses. Specifically, the Magistrate Judge recommends that the Court grant summary judgment to Epicentre on CCI's affirmative defenses 5-8 and 14, and deny Epicentre's motion with respect to the recoupment counterclaim and the remaining affirmative defenses.

      Defendant CCI filed objections to the Report and Recommendation on March 16, 2007. For

the reasons below, the Court overrules CCI's objections and accepts and adopts the Report and Recommendation in its entirety as the opinion of this Court.

**I.      Legal Standard**

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendant CCI has filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or

modify the findings or recommendations of the Magistrate Judge.  *See Lardie*, 221 F. Supp. 2d at 807.  If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation.  *See id.*; 12 Wright, Federal Practice § 3070.2.

## II.   Analysis

This is a case involving opposing claims for breach of contract.  On or about January 10, 2001, Defendant Cleveland Construction, Inc. ("CCI") entered into a construction contract with Wal-Mart Stores, Inc. and agreed to provide the necessary labor and materials for construction of a Wal-Mart and Sam's Club store in Canton, Michigan.  CCI then entered into a subcontract agreement with Third-Party Defendant Riverside Masonry ("Riverside") on the Canton construction project.  On or about November 27, 2001, Riverside entered into a continuing security agreement which granted to Bank One a continuing security interest in Riverside's accounts receivable, inventory, equipment, and instruments.

After Riverside later defaulted on its obligations, Bank One filed suit in Wayne County Circuit Court against Riverside.  The case was eventually settled, and as part of the settlement agreement, Bank One assigned its interests in Riverside's accounts receivable to Plaintiff Epicentre.

In August 2004, Plaintiff Epicentre began the current action against Defendant CCI in Wayne County Circuit Court.  Epicentre seeks to collect on a debt that is allegedly owed to Riverside by CCI due to CCI's breach of contract.  Epicentre claims that it stands in the place of Riverside because Bank One used to have a security interest in Riverside's accounts and later

assigned this same interest to Epicentre. On September 24, 2004, Defendant CCI removed the case to federal court on account of diversity of citizenship and filed a counterclaim against Epicentre. As part of its affirmative defenses and its counterclaim, CCI alleged it was Riverside, not CCI, who materially breached the contract, and thus, CCI was entitled to recoupment from Epicentre, as Epicentre was standing in the stead of Riverside.

Epicentre and CCI filed cross-motions for summary judgment, and the motions were referred to Magistrate Judge Komives for consideration. On March 7, 2007, the Magistrate Judge issued a lengthy and thorough Report and Recommendation analyzing the competing claims. Only CCI filed objections to the Magistrate Judge's Report and Recommendation.

In its objections, CCI first disagrees with the finding of the Magistrate Judge that the burden of proof is on CCI to show that Riverside breached its contract with CCI. Having reviewed this objection, the Court finds that the Magistrate Judge is not in error. Both Epicentre (which is standing in the place of Riverside) and CCI allege that the other party breached the contract. In these competing claims, when one party seeks to show that the opposing party is in breach of contract, then the moving party has the burden of proof of establishing such breach. Thus, the Magistrate Judge was correct in finding that the burden of proof is on Epicentre to show that CCI breached the contract with Riverside; and similarly, that the burden of proof is on CCI to show that Riverside breached the contract with CCI.

Defendant CCI's remaining objections rest on the argument that there is no genuine issue of material fact, and that, as a matter of law, CCI should prevail on all claims. In other words, CCI argues that the Court should find, as a matter of law, that CCI did not breach the contract and that

it is Riverside instead which is in breach. CCI argues that it has provided uncontested exhibits and other documentary evidence that establishes beyond any doubt that Riverside is in breach by failing to perform under the contract. CCI argues that Epicentre has shown no more than a "mere scintilla" of evidence in support of its position.

At this summary judgment stage of the proceedings, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Accordingly, the evidence and all reasonable inferences therefrom, must be considered in the light most favorable to nonmoving Epicentre. In its Report and Recommendation, the Magistrate Judge found that the evidence that CCI had produced was not so strong as to affirmatively establish its breach of contract allegations beyond all dispute. After a de novo review of the record, the Court agrees with the Magistrate Judge. Viewing CCI's exhibits and the other portions of the record in the light most favorable to Epicentre, the Court is unable to find that CCI has conclusively demonstrated as a matter of law that Riverside breached the contract and CCI did not. As Epicentre argues in its March 23, 2006 response to CCI's motion for summary judgment, there is competing testimony and questions as to the nature of the alleged breaches of contract. This all creates a genuine issue of material fact as to whether Riverside is in breach of contract, and thus, CCI cannot prevail at this stage of litigation on summary judgment.

### III. Conclusion

Accordingly, after having reviewed the Magistrate Judge's Report and Recommendation, and the applicable portions of the record, **IT IS HEREBY ORDERED** that Defendant CCI's

objections [docket entry 73] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 71] is **ACCEPTED and ADOPTED** as the opinion of this Court. Consequently, **IT IS FURTHER ORDERED** that the parties' cross motions for summary judgment [docket entries 48 and 50] are **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff Epicentre's motion for summary judgment on Defendant CCI's counterclaim and motion to strike affirmative defenses [docket entry 47] is **DENIED IN PART and GRANTED IN PART**. Specifically, the motion is **GRANTED** with respect to Defendant CCI's affirmative defenses 5-8 and 14, and **DENIED** with respect to the recoupment counterclaim and the remaining affirmative defenses.

**SO ORDERED.**

Dated:   March 30, 2007           s/Paul V. Gadola
                                  HONORABLE PAUL V. GADOLA
                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 3, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Meghan W. Cassidy; Lindsay K. James; Andrew W. Mychalowych; Mark D. Sassak; Molly E. Strand; Anthony Vittiglio, II                                   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                             .

                                  s/Ruth A. Brissaud
                                  Ruth A. Brissaud, Case Manager
                                  (810) 341-7845